

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,402-01

**EX PARTE LEONARD HODGES, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 14-CR-0951-B IN THE 117th DISTRICT COURT
## FROM NUECES COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of burglary of a habitation and one count of criminal mischief. He was sentenced to twenty years' imprisonment in each count. He did not appeal his conviction.

In four grounds for relief, Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to investigate the facts of this case, counsel coerced Applicant into entering his plea of guilty, and counsel failed to investigate the validity of prior Florida convictions listed on his indictment for purposes of enhancing the punishment range. The trial court

recommends this application be dismissed for non-compliance with TEX. R. APP. P. 73. We disagree. While Applicant's penmanship is not stellar and his claims for relief are somewhat rambling, he has properly filled out the prescribed form and verified it.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: November 16, 2016
Do not publish